UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM HUSSEY AND <br> RENEE GALLAGHER[1], <br> Plaintiffs, <br><br> v. <br><br> EDWARD T. MOORE d/b/a GLOVER <br> PROPERTY MANAGEMENT, et al., <br> Defendants. | Civil Action No. <br> 23-12803-NMG |

MEMORANDUM AND ORDER

GORTON, J.

For the reasons set forth below, the Court denies the plaintiffs' motions for leave to amend and for extension of time and allows the defendants' motion to dismiss.

I.  Background

Plaintiffs William Hussey and Renee Gallagher initiated this action on November 17, 2023 by filing their self-prepared complaint against their former landlord, building manager, an attorney and a bank seeking damages for alleged discrimination arising out of events surrounding state court summary process eviction proceedings. See Docket No. 1. After filing their complaint, the plaintiffs paid the filing fee and the clerk issued summonses. See Docket Nos. 3-4.

On November 29, 2023, defendants moved to dismiss the complaint pursuant to 12(b)(5) for insufficient service and

---

[1] The docket incorrectly identifies Gallagher as "Gallargher."

pursuant to 12(b)(6) as barred by res judicata and collateral estoppel. See Docket No. 6. The parties reference a summary process eviction action brought in state court.[2] See Glover Prop. Mgmt., Inc., et al., v. Hussey, et al., No. 23H77SP002364 Northeastern Housing Ct.) (the "Prior Action").

Returns of service were filed in December 2023 for defendants Foster, Moore and Pentucket Bank. See Docket Nos. 9 - 11. On February 27, 2024, plaintiffs filed their opposition to defendants' motion to dismiss. Docket No. 12.

In addition to their opposition to defendants' motion to dismiss, plaintiffs also filed motions for extension of time for service and to amend the complaint. Docket Nos. 13 - 14. These motions indicate that plaintiffs became homeless after being evicted and the motions fail to provide a current address for plaintiffs. Id.

Plaintiffs seek to amend the complaint "by correcting the Defendant name to Defendant Glover property management Inc. and Edward T. Moore Trustee of 199 Washington realty trust." Docket No. 14 at 1-2. They seek to correct the descriptions of defendant Edward T. Moore as President/owner/Trustee and

---

[2] It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990); see Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014); see also United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005).

2

defendant Emily Foster as Manager/Secretary of Glover Property Management. Id. at 2. Plaintiffs explain that they seek to add "their claims of retaliation, discrimination, Harassment, deceptive practice and mental abuse to this Civil Complaint and bring forward the Northeast Housing Court case docket # appeals court RE# with their report and all the evidence supporting their claims since the plaintiffs did not have a trial let alone a fair trial on them whatsoever." Id. at 2. Finally, plaintiffs seek to correct the dollar amount of damages sought. Id. at 3.

II.     Legal Standards

   A.   Plaintiffs' Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend their complaint once as a matter of course within 21 days after serving it, or within 21 days after service of a motion under 12(b)(6). Fed. R. Civ. P. 15(a). Under Federal Rule of Civil Procedure 15(a), where a party seeks to amend a pleading more than 21 days after a motion to dismiss or answer has been filed, it may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Given that the defendants filed their motion to dismiss on November 29, 2023, plaintiffs' 21-day window to amend as of right under Rule 15(a)(1)(B) passed on December 20, 2023.

3

Federal Rule of Civil Procedure 15(a)(2) provides that a party who is no longer able to amend the complaint as of right may amend only with the court's leave, and that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Under Rule 15(a)(2), a plaintiff may amend their complaint with the court's leave which "should freely [be] give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend, however, when adding the new claim would be futile. Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013).

B.  Defendants' Motion to Dismiss

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal is "inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of 'a short and plaint statement of the claim showing that the pleader is entitled to relief.' " Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 11 (1st Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)).

In assessing the sufficiency of the complaint, the Court must first "strip away and discard the complaint's conclusory legal allegations." In re Montreal, Maine & Atlantic Railway, Ltd., 888 F.3d 1, 6 (1st Cir. 2018) (quoting Shay v. Walters,

4

702 F.3d 76, 82 (1st Cir. 2012)). The Court must then "determine whether the remaining facts allow it 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Id. (quoting Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 24 (1st Cir. 2016)).

Because plaintiffs are proceeding pro se, they are entitled to a liberal reading of their allegations, no matter how inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). See also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

III. Discussion

Although plaintiffs seek to amend the complaint and an extension of time for service, amendment would be futile because plaintiffs' claims are barred by the doctrine of res judicata.

Claim preclusion, also known as res judicata, prevents the relitigation of claims that a party "had the opportunity and incentive to fully litigate ... in an earlier action." Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008). Where the relevant final judgment comes from a state court proceeding, federal courts apply the state law of res judicata.[3] See Cruz v.

---

[3] Under Massachusetts law, "[t]he doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." Heacock v.

5

Melecio, 204 F.3d 14, 18 (1st Cir. 2000); <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984).

Claim preclusion applies if there is privity or "if the new defendant is 'closely related to a defendant from the original action-who was not named in the previous lawsuit' ..." <u>Silva v. City of New Bedford</u>, 660 F.3d 76, 80 (1st Cir. 2011) (citation omitted). "Whether a 'close and significant relationship' exists between an original defendant and a defendant only named in a later suit varies with the facts." <u>Airframe Sys., Inc. v. Raytheon Co.</u>, 601 F.3d 9, 17 (1st Cir. 2010).

Here, plaintiffs Hussey and Gallagher were the defendants in both actions, although Gallagher was identified in the earlier action under the name Renee Desaulniers. The defendants include the landlord that was the plaintiff in the Prior Action. Defendant Latham was the attorney representing Moore and Foster in the state court action and Defendant Pentucket Bank was not a litigant in the state court action. The court finds that there is a sufficiently close relationship

---

<u>Heacock</u>, 520 N.E.2d 151, 152-153 (Mass. 1988). To establish claim preclusion, a party must demonstrate "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." <u>Kobrin v. Bd. of Reg. in Med.</u>, 832 N.E.2d 628, 634 (Mass. 2005) (quoting <u>DaLuz v. Dep't of Corr.</u>, 746 N.E.2d 501, 505 (Mass. 2001)).

6

between the defendants in this action and the plaintiffs in the Prior Action.

The majority of plaintiffs' allegations and legal claims in the instant action are substantially identical to the allegations and counterclaims in the Prior Action. Plaintiffs' claims all arise out of the events surrounding the summary process eviction proceedings. Docket No. 1 (Pl.'s Compl), and Docket No. 12 (Pl.'s Opp.). Here, the court is bound under res judicata to give preclusive effect to the state court judgments and will dismiss this action.

Finally, to the extent the plaintiffs seek to have this court review state court actions that have already concluded, such claims are subject to dismissal because this court has no subject matter jurisdiction action under <u>Rooker Feldman</u> Doctrine (if the underlying matters are concluded). Under the <u>Rooker Feldman</u> doctrine, this Court lacks subject-matter jurisdiction to review the decisions of state courts if the underlying matters are concluded. The <u>Rooker-Feldman</u> doctrine precludes a federal action if the relief requested would effectively reverse or void a state court decision, or if the plaintiff's claims are "inextricably intertwined" with the state court action. <u>See Johnson v. De Grandy</u>, 512 U.S. 997, 1005-1006 (1994); <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc.</u>, 544 U.S. 280 (2005)(doctrine applies to cases by state court losers seeking

7

review and rejection of state court judgments rendered prior to commencement of federal suit). Here, plaintiffs' request for this court to review state court rulings would effectively reverse the state court's determinations, and the allegations are inextricably intertwined with those actions. Thus, to the extent that the plaintiffs seek to have this court review decisions of state court ~~actions~~, determine that they are incorrect and/or reverse such decisions, there is no jurisdiction and the action is subject to dismissal. See <u>Miller v. Nichols</u>, 586 F.3d 53, 59 (1st Cir. 2009)(affirming dismissal of action relating to custody of child for lack of subject matter jurisdiction under Rooker-Feldman Doctrine). While plaintiffs may be disappointed with various rulings in state court, they may not bring a federal civil action as a vehicle to disturb such results.

IV. Conclusion

Accordingly, it is hereby Ordered that:

1. The plaintiffs' motion (Docket No. 14) for leave to amend and motion (Docket No. 13) for extension of time are DENIED.

2. The defendants' motion (Docket No. 6) to dismiss is ALLOWED for the reasons stated above and for the reasons stated in the memorandum in support of the motion.

3. This action is DISMISSED.

8

4. The Clerk shall enter a separate order of dismissal.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: April 26, 2024